IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AUTOTEXT TECHNOLOGIES, INC.<br>500 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br><br>Plaintiff<br><br>v.<br><br>APPLE, INC.<br>1 Infinite Loop<br>Cupertino, CA 95014<br><br>and<br><br>AT&T CORP.<br>175 E. Houston<br>San Antonio, TX 78205<br><br>and<br><br>HELIO LLC<br>aka Helio (Delaware) LLC<br>aka Helio, Inc.<br>aka Helio (Delaware), Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>and<br><br>HEWLETT-PACKARD CO.<br>3000 Hanover St.<br>Palo Alto, CA 94304<br><br>and | Case No.:<br><br>Judge: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

HTC AMERICA, INC.                    :
13920 SE Eastgate Way                :
Suite 400                            :
Bellevue, WA 98005                   :
                                     :
          and                        :
                                     :
INTERNATIONAL BUSINESS               :
MACHINES CORP.                       :
1 New Orchard Rd.                    :
Armonk, NY 10504                     :
                                     :
          and                        :
                                     :
KYOCERA WIRELESS CORP.               :
10300 Campus Point Drive             :
San Diego, CA 92121                  :
                                     :
          and                        :
                                     :
LG ELECTRONICS                       :
MOBILECOMM U.S.A, INC.               :
10101 Old Grove Road                 :
San Diego, CA 92131                  :
                                     :
          and                        :
                                     :
MICROSOFT CORP.                      :
North Office, 2211 One Microsoft Way :
Redmond, WA 98052-6399               :
                                     :
          and                        :
                                     :
MOTOROLA, INC.                       :
1303 E. Algonquin Rd.                :
Schaumberg, IL 60196                 :
                                     :
          and                        :
                                     :
NINTENDO OF AMERICA, INC.            :
4820 150th Ave. NE                   :
Redmond, WA 98052                    :
                                     :
          and                                         :

NOKIA, INC.
6000 Connection Drive
Irving, TX 75039

       and

NUANCE COMMUNICATIONS, INC.
One Wayside Road
Burlington, MA 01803

       and

PALM, INC.
950 W. Maude Ave.
Sunnyvale, CA 94085

       and

QUALCOMM, INC.
5775 Morehouse Dr.
San Diego, CA 92121-1714

       and

RESEARCH IN MOTION CORP.
122 W. John Carpenter Parkway
Suite 340
Irving, TX 75039

       and

SAMSUNG AMERICA, INC.
105 Challenger Rd.
Ridgefield, NJ 07660

       and

SANYO NORTH AMERICA
CORPORATION
2055 Sanyo Avenue
San Diego, CA 92154

       and

SONY ELECTRONICS, INC.               :
16530 Via Esprillo                   :
San Diego, CA 92127                  :
                                     :
          and                        :
                                     :
SONY ERICSSON MOBILE                 :
COMMUNICATIONS U.S.A., INC.          :
7001 Development Drive               :
Research Triangle Park, NC 27709     :
                                     :
          and                        :
                                     :
T-MOBILE USA, INC.                   :
3650 131st Ave. SE                   :
Bellevue, WA 98006                   :
                                     :
          and                        :
                                     :
VERIZON WIRELESS (VAW), LLC          :
One Verizon Way                      :
Basking Ridge, NJ 07920-1025         :
                                     :
          and                        :
                                     :
ZI CORPORATION                       :
Suite One, Station Plaza             :
411 Ferry Street                     :
Martinez, CA 94553                   :
                                     :
          Defendants.                :
     ----------------------------------------------------------------

For its complaint against the named defendants, plaintiff AutoText Technologies,

Inc. ("AutoText") alleges as follows:

## PARTIES

1.     AutoText is a corporation organized and existing under the laws of the

State of Delaware, having a principal place of business at 500 Newport Center Drive, 7th

Floor, Newport Beach, California 92660.

-4-

2.     Apple, Inc. ("Apple"), upon information and belief, is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is licensed to do business in the state of Ohio. Apple's statutory agent in Ohio is C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

3.     AT&T Corp. ("AT&T"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 175 East Houston, San Antonio, Texas 78205. AT&T is licensed to do business in the state of Ohio. AT&T's statutory agent in Ohio is C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

4.     Helio LLC, aka Helio (Delaware) LLC, aka Helio, Inc., aka Helio (Delaware) Inc. (collectively "Helio"), upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware. Helio's statutory agent in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Helio is licensed to do business in the state of Ohio. Helio's statutory agents in Ohio are C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114 and CSC Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

5.     Hewlett-Packard Co. ("HP"), upon information and belief, is a corporation organized and existing under the laws of the State of California, having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

6.	HTC America, Inc. ("HTC"), upon information and belief, is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 13920 Southeast Eastgate Way, Suite 400, Bellevue, Washington 98005.

7.	International Business Machines Corp. ("IBM"), upon information and belief, is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 1 New Orchard Road, Armonk, New York 10504. IBM is licensed to do business in the state of Ohio. IBM's statutory agent in Ohio is C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

8.	Kyocera Wireless Corp. ("Kyocera), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10300 Campus Point Drive, San Diego, California 92121.

9.	LG Electronics MobileComm U.S.A., Inc. ("LG"), upon information and belief, is a corporation organized and existing under the laws of the State of California, having a principal place of business at 10101 Old Grove Road, San Diego, California 92131. LG is licensed to do business in the state of Ohio. LG's statutory agent in Ohio is C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

10.	Microsoft Corp. ("Microsoft"), upon information and belief, is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at North Office, 2211 One Microsoft Way, Redmond, Washington 98052-6399. Microsoft is licensed to do business in the state of Ohio. Microsoft's statutory agent is CSC Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

11.     Motorola, Inc. ("Motorola"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois 60196. Motorola is licensed to do business in the state of Ohio. Motorola's statutory agent in Ohio is C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

12.     Nintendo of America, Inc. ("Nintendo"), upon information and belief, is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at 4820 150th Avenue Northeast, Redmond, Washington 98052.

13.     Nokia, Inc. ("Nokia"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6000 Connection Drive, Irving, Texas 75039. Nokia is licensed to do business in the state of Ohio. Nokia's statutory agent in Ohio is National Registered Agents, Inc., 145 Baker Street, Marion, Ohio 43302.

14.     Nuance Communications, Inc. ("Nuance"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

15.     Palm, Inc. ("Palm"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 950 West Maude Avenue, Sunnyvale, California 94085. Palm is licensed to do business in the state of Ohio. Palm's statutory agent in Ohio is C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

16.     Qualcomm, Inc. ("Qualcomm"), upon information and belief, is a corporation organized and existing under the laws of the State of California, having a principal place of business at 5775 Morehouse Drive, San Diego, California 92121-1714. Qualcomm is licensed to do business in the state of Ohio. Qualcomm's statutory agent in Ohio is CSC Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

17.     Research In Motion Corp. ("RIM"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 122 West John Carpenter Parkway, Suite 340, Irving, Texas 75039. RIM is licensed to do business in the state of Ohio. RIM's statutory agent in Ohio is C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

18.     Samsung America, Inc. ("Samsung"), upon information and belief, is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 105 Challenger Road, Ridgefield, New Jersey 07660. Samsung is licensed to do business in the state of Ohio. Samsung's statutory agent in Ohio is Deogman Seong, One Newmann Way MD H358, Cincinnati, Ohio 45215.

19.     Sanyo North America Corporation ("Sanyo"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2055 Sanyo Avenue, San Diego, California 92154.

20.     Sony Electronics, Inc. ("Sony"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 16530 Via Esprillo, San Diego, California 92127. Sony is

licensed to do business in the state of Ohio. Sony's statutory agent in Ohio is CSC Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

21.     Sony Ericsson Mobile Communications U.S.A., Inc. ("Sony Ericsson"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 7001 Development Drive, Research Tri-Angle Park, North Carolina 27709.

22.     T-Mobile USA, Inc. ("T-Mobile"), upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3650 131st Avenue Southeast, Bellevue, Washington 98006.

23.     Verizon Wireless (VAW), LLC ("Verizon"), upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920-1025. Verizon is licensed to do business in the state of Ohio. Verizon's statutory agent in Ohio is CSC Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

24.     Zi Corporation ("Zi"), upon information and belief, is a corporation organized and existing under the laws of the State of Nevada, having a principal place of business at Suite 1, Station Plaza, 411 Ferry Street, Martinez, California 94553.

## JURISDICTION AND VENUE

25.     This action arises under the patent laws of the United States, specifically the Patent Act of 1952, 35 U.S.C. § 1 et seq.  Subject matter jurisdiction is founded under 28 U.S.C. §§ 1338 (a) and 35 U.S.C. § 281.

26.     This court has personal jurisdiction over each defendant because each defendant has transacted business within this district and has caused tortuous injury by an act within this district through its infringement of U.S. Patent No. 5,305,205 ("the '205 patent") as alleged hereafter, which has injured AutoText in this district.

27.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400 (b) because each defendant is subject to personal jurisdiction within the Northern District of Ohio as residence is defined in 28 U.S.C. § 1391(c).

## FACTS

28.     The '205 patent, entitled "Computer-Assisted Transcription Apparatus," issued on April 19, 1994 to Maria L. Weber and Joseph Weber of Brookline, Massachusetts.  A copy of the '205 patent is attached hereto as Exhibit A.

29.     AutoText is the owner by assignment of the exclusive right to sue for and collect past, present, and future damages and the right to all past, present, and future claims or causes of action for damages or equitable relief for infringement of the '205 patent.

30.     Apple has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the Mac OS X 10.4 Tiger operating system and the Safari web browser.

31.    The Accused Products that Apple has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

32.    The Accused Products that Apple has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

33.    AT&T has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the AT&T 8525 telephone.

34.    The Accused Products that AT&T has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a

-11-

succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

35. The Accused Products that AT&T has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so AT&T has directly infringed at least claim 1 of the '205 patent.

36. Helio has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the Helio Fin telephone.

37. The Accused Products that Helio has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

38.    The Accused Products that Helio has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Helio has directly infringed at least claim 1 of the '205 patent.

39.    HP has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the HP iPAQ 210 Enterprise telephone.

40.    The Accused Products that HP has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

41.    The Accused Products that HP has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so HP has directly infringed at least claim 1 of the '205 patent.

-13-

42.    HTC has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the HTC Mogul telephone.

43.    The Accused Products that HTC has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

44.    The Accused Products that HTC has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so HTC has directly infringed at least claim 1 of the '205 patent.

45.    IBM has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include IBM Lotus Notes e-mail program.

46.     The Accused Products that IBM has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

47.     The Accused Products that IBM has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

48.     Kyocera has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the Kyocera Slider Sonic telephone.

49.     The Accused Products that Kyocera has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a

-15-

succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

50.     The Accused Products that Kyocera has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Kyocera has directly infringed at least claim 1 of the '205 patent.

51.     LG has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the LG-U8110 telephone and the LG VX8700 telephone.

52.     The Accused Products that LG has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

53. The Accused Products that LG has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so LG has directly infringed at least claim 1 of the '205 patent.

54. Microsoft has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include Windows Mobile 6 operating system.

55. The Accused Products that Microsoft has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

56. The Accused Products that Microsoft has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

57.    Motorola has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the Motorola Q telephone.

58.    The Accused Products that Motorola has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

59.    The Accused Products that Motorola has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Motorola has directly infringed at least claim 1 of the '205 patent.

60.    Nintendo has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the Nintendo Wii game system.

-18-

61.     The Accused Products that Nintendo has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

62.     The Accused Products that Nintendo has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

63.     Nokia has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the Nokia 2610 telephone.

64.     The Accused Products that Nokia has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a

-19-

succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

65. The Accused Products that Nokia has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Nokia has directly infringed at least claim 1 of the '205 patent.

66. Nuance has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the T9 Predictive Text software.

67. The Accused Products that Nuance has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

68. The Accused Products that Nuance has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an

initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

69.     Palm has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the Palm Treo 750 telephone and the Palm OS operating system.

70.     The Accused Products that Palm has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

71.     The Accused Products that Palm has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Palm has directly infringed at least claim 1 of the '205 patent.

72.     Qualcomm has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include Qualcomm Eudora 7.1 e-mail program.

73.     The Accused Products that Qualcomm has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

74.     The Accused Products that Qualcomm has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

75.     RIM has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the Blackberry 7100 Series telephones, the Blackberry Pearl Series telephones, the Blackberry 7105t telephone and the Blackberry 7130 Series telephones.

76.     The Accused Products that RIM has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

77.     The Accused Products that RIM has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so RIM has directly infringed at least claim 1 of the '205 patent.

78.     Samsung has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the Samsung Blackjack telephone.

79.     The Accused Products that Samsung has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a

succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

80.     The Accused Products that Samsung has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Samsung has directly infringed at least claim 1 of the '205 patent.

81.     Sanyo has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the Sanyo Katana II telephone.

82.     The Accused Products that Sanyo has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency

of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

83.   The Accused Products that Sanyo has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Sanyo has directly infringed at least claim 1 of the '205 patent.

84.   Sony has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the Sony PlayStation 3 game system.

85.   The Accused Products that Sony has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

86.   The Accused Products that Sony has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency

of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

87.   Sony Ericsson has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the Sony Ericsson W610i telephone.

88.   The Accused Products that Sony Ericsson has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

89.   The Accused Products that Sony Ericsson has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Sony Ericsson has directly infringed at least claim 1 of the '205 patent.

90.    T-Mobile has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products").  Such Accused Products include the T-Mobile Wing telephone.

91.    The Accused Products that T-Mobile has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

92.    The Accused Products that T-Mobile has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so T-Mobile has directly infringed at least claim 1 of the '205 patent.

93.    Verizon has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the'205 patent ("Accused Products").  Such Accused Products include the Verizon Wireless PN-300 telephone.

94.     The Accused Products that Verizon has made, used, sold, offered to sell, or imported include a data processing system comprising: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

95.     The Accused Products that Verizon has made, used, sold, offered to sell, or imported have a data processing system that includes and meets each and every limitation of at least claim 1 of the '205 patent, either literally or under the doctrine of equivalents, and so Verizon has directly infringed at least claim 1 of the '205 patent.

96.     Zi has made, used, sold, offered to sell, or imported data processor systems and/or material components thereof that infringe one or more claims of the '205 patent ("Accused Products"). Such Accused Products include the eZi Text software.

97.     The Accused Products that Zi has made, used, sold, offered to sell, or imported are a material part of the patented invention and are especially made or adapted for use in the patented invention and are not a staple article of commerce suitable for substantial non-infringing use.

98. The Accused Products that Zi has made, used, sold, offered to sell, or imported are intended to be installed and used in combination with devices that include: (a) an alphanumeric keyboard or equivalent data entry device, (b) a display screen, (c) a storage means for storing vocabulary data and associated frequency data, (d) list means responsive to the entry of a succession of characters on a character by character basis for determining a succession of ordered lists of candidate words with an initial character sequence corresponding to the entered characters and ordered in decreasing order of frequency of occurrence as determined by the stored frequency data, (e) a display means for displaying at least a portion of said list of candidate words, and (f) entry means for selecting one of the candidate words.

99. Upon information and belief, each of the defendants had actual notice of the existence of the '205 patent at the time of commencing infringing activity. Upon information and belief, each defendant's infringement of the '205 patent has been willful.

## COUNT ONE
## PATENT INFRINGEMENT

100. AutoText incorporates herein by reference paragraphs 1-99 above as if fully rewritten herein.

101. Defendants have infringed the '205 patent in violation of 35 U.S.C. §§ 271(a) and 271(c) by making, using, selling, offering to sell, and/or importing Accused Products and/or material components thereof within the United States that embody the features and improvements claimed by the '205 patent, and have induced their customers to infringe the '205 patent in violation of 35 U.S.C. § 271(b).

102. Defendants have induced and/or contributed to the direct infringement of the '205 patent by making, using, selling, offering to sell, and/or importing Accused Products knowing them to be a material part of the patented invention and to be especially made or adapted for use in an infringement of the patented invention and not a staple article of commerce suitable for substantial non-infringing use.

103. Defendants' conduct, as alleged above, has been willful, intentional, and in conscious disregard of AutoText's rights.

104. Defendants' acts of infringement of the '205 patent have damaged AutoText, and will continue to cause damage to AutoText, in an amount yet to be determined.

## RELIEF REQUESTED

WHEREFORE, AutoText prays for judgment against defendants as follows:

(a)     that defendants be judged to have infringed U.S. Patent No. 5,305,205;

(b)     that AutoText be awarded compensatory damages in an amount adequate to compensate it for its damage and injury, but in no event less than a reasonable royalty;

(c)     that in view of defendants' deliberate and intentional acts, the case be declared exceptional pursuant to 35 U.S.C. § 285 and AutoText be awarded treble damages pursuant to 35 U.S.C. § 284;

(d)     that defendants be permanently enjoined from infringing U.S. Patent No. 5,305,205;

(e)     that AutoText have and recover the cost of this civil action,

including reasonable attorney fees and interest to the maximum extent permissible,

including prejudgement interest; and

(f)     that AutoText be awarded such other and further relief as the

Court may deem just and equitable.

AutoText Technologies, Inc.


By     Wayne D. Porter, Jr.
        (Ohio Reg. No. 0009242)
        700 Huntington Building
        925 Euclid Avenue
        Cleveland, Ohio 44144
        Tel: 216-566-9700
        Fax: 216-566-9711
        E-mail: porter@rankinhill.com


        Attorney for Plaintiff
        AutoText Technologies, Inc.


Of Counsel:

James A. DeRoche
(Ohio Reg. No. 0055613)
Garson & Associates Co., L.P.A.
614 West Superior
Cleveland, Ohio 44113
Tel.: 216-696-9330
Fax: 216-696-8558
E-mail: jderoche@garson.com

Dennis E. Murray, Jr.
(Ohio Reg. No. 0038509)
Murray & Murray Co. L.P.A.
111 East Shoreline Drive
Sandusky, Ohio 44871-0019
Tel.: 419-624-3000
Fax: 419-624-0707
E-mail: dmj@murrayandmurray.com

## JURY DEMAND

A trial by jury of the maximum number of jurors allowed by law is hereby

demanded.

Wayne D. Porter, Jr.